**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| IN RE ORION MARINE CONSTRUCTION, | § | |
| INC. AS OWNER AND/OR OWNER PRO | § | ADMIRALTY RULE 9(H) |
| HAC VICE OF THE DREDGE "WAYMON | § | |
| L BOYD AND SEVERAL VESSELS | § | |
| WORKING IN A FLOTILLA WITH THE | § | CIVIL ACTION NO. |
| WAYMON L BOYD" PRAYING FOR | § | |
| EXONERATION FROM OR LIMITATION | § | |
| OF LIABILITY | § | |

**COMPLAINT AND PETITION FOR EXONERATION FROM OR LIMITATION OF
LIABILITY OF ORION MARINE CONSTRUCTION, INC. AS OWNER AND/OR
OWNER *PRO HAC VICE* OF THE DREDGE WAYMON L BOYD AND
<u>SEVERAL VESSELS WORKING IN CONJUNCTION WITH THE WAYMON L BOYD</u>**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

NOW COMES the Petitioner, ORION MARINE CONSTRUCTION, INC., as owner and/or

owner *pro hac vice* and/or operator of the DREDGE WAYMON L BOYD and several vessels

working in a flotilla with the WAYMON L BOYD, including the anchor barge BA 14, the anchor

barge BA 19, the booster barge BB-A-0003, the booster barge M 982, the fuel barge KFMS 110,

the deck barge KFMS 103, the deck barge with spuds KFMS 21, dredge tender HARRY LEE,

dredge tender JULIUS L, and small watercraft BW A 0075 (collectively referred to as "the Vessels"

unless otherwise specified), their engines, gear, tackle, etc., in a cause of exoneration from or

limitation of liability, civil and maritime, under Rule 9(h) of the Federal Rules of Civil Procedure

and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims and, in support

thereof, would respectfully show the Court as follows:

1.     This is a case of admiralty and maritime jurisdiction under 28 U.S.C. §1333 and is filed pursuant to Rule 9(h) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, all as hereinafter more fully appears.

2.     Petitioner is and, at all material times hereinafter mentioned, was a corporation doing business in the State of Texas with its principal place of business in Houston, Texas.   Petitioner, at all times material hereto, was the owner and/or owner *pro hac vice* and/or operator of the Vessels.

3.     The Vessels include a commercial dredge, the WAYMON L BOYD, and several support vessels working as a flotilla in conjunction with the operations of the dredge WAYMON L BOYD.   Prior to and at all times hereinafter described, Petitioner exercised due diligence to make and maintain the Vessels in all respects seaworthy, and at all times material hereto they were, in fact, tight, staunch, strong, properly and efficiently manned, supplied, equipped and furnished, and well and sufficiently fitted with suitable engines, machinery, gear, tackle, apparel, appliances, and furniture, all in good order and condition and suitable for the service in which the Vessels were engaged.

4.     The Vessels can be found in this District and within the jurisdiction of this Honorable Court and/or suit has been commenced against Petitioner within this District.   Petitioner affirmatively shows that venue is proper in this district pursuant to Rule F(9) of the Supplemental Rules for Admiralty and Maritime cases.

5.     On or about August 21, 2020, the DREDGE "WAYMON L BOYD" and the other vessels mentioned herein, while operating in the course and scope of their navigational duties, were properly manned and operating in the Ship Channel located in Corpus Christi, Texas when, upon information and belief, a pipeline owned and/or operated by Enterprise Products LP ruptured for

reasons currently unknown which resulting in the unfortunate death and personal injuries to some of the crew employed by Petitioner on the Vessels.   In addition, upon information and belief, an adjacent facility owned by EPIC Crude Terminal Company, LP sustained property damage as a result of the pipeline rupture.   At the present time, the following lawsuits are pending against Petitioner related to the pipeline rupture:

a. *Alejandra Dominguez, Juan Guajardo, Litzy Lopez, Raphael Espinoza, Lizeth Guajardo, and Maria Delcarmen Espinoza Individually and as Representative of the Estate of Rafael Espinoza v. Orion Marine Construction, Inc.,* In The District Court of Harris County, Texas, 281st Judicial District, Cause Number 2020-50689.   These plaintiffs are represented by Anthony G. Buzbee, Christopher J. Leavitt, and The Buzbee Law Firm, JP Morgan Chase Tower, 600 Travis, Suite 7300, Houston, Texas 77002.

b. *Michael Angel Martinez, Enedelia Martinez, Prescilla Martinez, and Mareli Martinez Individually and as Representative of the Estate of Miguel Martinez v. Orion Marine Construction, Inc.,* In the District Court of Harris County, Texas, 215th Judicial District, Cause Number 2020-50687.   These plaintiffs are represented by Anthony G. Buzbee, Christopher J. Leavitt, and The Buzbee Law Firm, JP Morgan Chase Tower, 600 Travis, Suite 7300, Houston, Texas 77002.

c. *Jose Delgado v. Orion Marine Construction, Inc.,* In the District Court of Harris County, Texas, 152nd Judicial District, Cause Number 2020-50575.   This plaintiff is represented by Anthony G. Buzbee, Christopher J. Leavitt, and The Buzbee Law Firm, JP Morgan Chase Tower, 600 Travis, Suite 7300, Houston,

3

3853648-1

Texas 77002.

d. *Lucio Silva v. Orion Marine Construction, Inc.,* In the District Court of Harris County, Texas, 151st Judicial District, Cause Number 2020-51553. This plaintiff is represented by Anthony G. Buzbee, Christopher J. Leavitt, and The Buzbee Law Firm, JP Morgan Chase Tower, 600 Travis, Suite 7300, Houston, Texas 77002.

e. *Maria Isabel Rivera, Individually and as Personal Representative of the Estate of Joel Rivera Deleon; Cipriano Rivera; Jesus Rivera; Carlos Rivera; Lucero Rivera; Joel Rivera; and Efran Rivera v. Orion Marine Group, LLC, et al,* In the County Court at Law No. 3, Nueces County, Texas, Cause Number 2020CCV-61176-3. These plaintiffs are represented by The Gutierrez Law Firm, Inc., including J. Javier Gutierrez, David Z. Gutierrez, John Bozada II (all of whom are located at 5959 West Loop South, Suite 500, Bellaire, Texas 77401), Baldemar F. Gutierrez and Kayla J. Gutierrez (both of whom are located at 700 East Third Street, Alice, Texas 78332) and David L. Rumley affiliated with Wigington Rumley Dunn & Blair, L.L.P., 123 N. Carrizo Street, Corpus Christi, Texas 78401. **It is noted that this lawsuit was removed from state court to federal court by Epic Midstream Holdings, LP on September 30, 2020.** As such, this case is currently pending in the United States District Court, Southern District of Texas, Corpus Christie Division, Case Number 2:20-cv-245.

f. *Jose G. Cantu, Individually, and on behalf of his minor children; and Stephanie Molina, Individually and on behalf of her minor children v. Orion Marine*

4

*Group, et al,* In the County Court at Law No. 3, Nueces County, Texas, Cause Number 2020CCV-61224-3.   These plaintiffs are represented by Kurt Arnold, Caj Boatright, Roland Christensen, Joseph McGowin, and Arnold & Itkin LLP, 6009 Memorial Drive, Houston, Texas 77007.   **It is noted that this lawsuit was removed from state court to federal court by Epic Midstream Holdings, LP on October 1, 2020.**   As such, this case is currently pending in the United States District Court, Southern District of Texas, Corpus Christie Division, Case Number 2:20-cv-247.

g. *Karla Cavazos, Individually and as Personal Representative of the Estate of Arturo Americo Cavazos and as Next Friend of M.C., Minor; Arturo Cavazos, Individually and as Heir of the Estate of Arturo Cavazos; Bertha Cavazos, Individually and as Heir of the Estate of Arturo Cavazos v. Orion Marine Group, et al,* In the County Court at Law No. 2, Nueces County, Texas, Cause Number 2020CCV-61221-2.   By Order dated September 9, 2020 signed the presiding judge in County Court at Law No. 2 and on September 10, 2020 by the presiding judge in County Court at Law No. 3, this lawsuit has been transferred to the County Court at Law No. 3 of Nueces County.   These plaintiffs are represented by Michael M. Guerra, and the Law Office of Michael M. Guerra, 3900 N. 10th Street, Suite 850, McAllen, Texas 78501.   **It is noted that this lawsuit was removed from state court to federal court by Enterprise Products Operating LLC and Enterprise Products Partners L.P. on October 5, 2020.** As such, this case is currently pending in the United States District Court,

Southern District of Texas, Corpus Christie Division, Case Number 2:20-cv-248.

It is anticipated that other lawsuits may or will be filed against Petitioner based on the incident herein described to include other Orion employees which, upon information and belief, are not represented:

      a.  Jose Coca-Avalos – Deckhand
          3219 69th Street
          Galveston, TX 77551

      b.  Roel Sanchez – Mate
          218 E. 4th Street
          San Juan, TX 78589

      c.  Mario Maravilla – Captain
          4112 Yoli Ln.
          Brownsville, TX 78521

It is also anticipated that claims may or will be filed against Petitioner based on the incident herein described by the following third parties:

      a.  EPIC Crude Terminal Company, LP.   This potential claimant is represented by Kent B. Adams, and Wilson Elser Moskowitz Edelman & Dicker LLP, 909 Fannin Street, Suite 3300, Houston, Texas 77010.

      b.  Enterprise Products Operating, LLC and Enterprise Products Partners, LP.   This potential claimant(s) is represented by Darrell Barger, and Hartline Barger LLP, 1980 Post Oak Blvd., Suite 1800, Houston, Texas 77056.

      c.  The Port of Corpus Christie.   Upon information and belief, this potential claimant is currently unrepresented and is located at 222 Power Street, Corpus Christie, Texas 78401.

6

Other claims by interested parties not mentioned herein may also be filed.  The identity of such claimants is currently unknown.

6.      Any and all actual or potential injury, loss, destruction and damage sustained by anyone or any potential Claimant, and/or any other injury, loss, destruction and damage were not caused or contributed to by any fault, negligence or lack of due care on the part of Petitioner or the unseaworthiness or fault of the Vessels, or any person in charge of her, or any person for whom Petitioner was or is responsible.  Petitioner reserves the right to amend and/or supplement this paragraph of its Complaint and Petition to specify further the faults and negligence, if any, surrounding the above-described events when the facts surrounding the alleged accident become fully known and to prove them at the trial of this cause.

7.      The above-described alleged injury, loss, destruction and damages, if any, and which are in all respects denied, were done, occasioned and incurred without the design or neglect of Petitioner or anyone for whom Petitioner is or, at any material time, was responsible.

8.      The above-described injury, loss, destruction and damages, if any, and which are in all respects denied, were done, occasioned and incurred without the privity or knowledge of Petitioner or of Petitioner's superintendent or management personnel.  The Vessels were, in all respects, seaworthy and Petitioner had no knowledge of any condition or circumstance that contributed to the loss for which claims may be made.

9.      At present, there are no known unsatisfied liens or claims of lien, in contract or in tort, arising from the Vessels' aforementioned voyage, so far as is known to Petitioner.

10.     Notwithstanding the fact that any actual or potential alleged injury, loss, destruction and damages described herein, if any, and which are in all respects denied, were done, occasioned

7

and incurred without the fault, design or neglect of Petitioner or anyone for whom Petitioner is or, at any material time, was responsible, and without unseaworthiness or fault of the Vessels, nevertheless claims and demands have been and more will be asserted against Petitioner.   Other than the Claimants specified herein, the identity of any known or potential Claimant(s) is currently unknown, and Petitioner lacks information to provide notice to any potential Claimant other than those specified herein of the filing of this Complaint and Petition.   To the best of Petitioner's knowledge, the Vessels have not been arrested or libeled to answer for any claims arising on or after the Vessels' voyage, or at any other time.

11.     The voyage upon which the aforesaid allegations of injury or loss occurred and on which the claims and demands sought to be limited occurred on August 21, 2020, and terminated after the occurrence of the above-described events in question.

12.     The entire aggregate amount or value of Petitioner's interest in the Vessels and her then pending freight, if any, at the end of the above-described voyage, does not exceed the sum of $9,481,760.00.   Attached to this Complaint as Exhibit "A" is the Affidavit of Mr. Manindera Paul Singh which specifies the value of the Vessels at the conclusion of the voyage is $4,675,000.   Also attached to this Complaint as Exhibit "B" is the Affidavit of Pending Freight of Jacob Bures which specifies $4,806,760 as pending freight in relation to this Limitation of Liability case filed on Petitioner's behalf.

13.     The amount of the aforesaid claims referred to in Paragraph 5 and 10 herein and those which are reasonably anticipated to arise from the events in question, potentially exceed the amount and value of Petitioner's interest in the Vessels immediately after the events in question and, at the time of the termination of the voyage, in her then pending freight.

14.     Petitioner desires to contest any liability of it and the Vessels for the damage allegedly sustained by those affected by the events in question and for any and all losses and damages, if any, which occurred during the voyage in question.   Petitioner claims further exoneration from or limitation of liability for any damage and damages sustained by those affected, and for the claims that have been made and those claims which hereafter may be made by any other person, firm, corporation or other entity.   Petitioner alleges that it has valid defenses on the facts and on the law to the claims of any present and/or future claimant.   Petitioner, without admitting but affirmatively denying all liability, further claims the benefit of Limitation of Liability as provided in 46 U.S.C.A., §§ 30501 to 30512, inclusive, Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, and any and all Acts of Congress of the United States amendatory thereof or supplementary thereto, and the rules of practice of this Honorable Court and of the Supreme Court of the United States.

15.     While not in any way admitting that Petitioner is under any liability for the alleged injury, loss and damages allegedly occurring as described above, Petitioner hereby claims and reserves the right to contest in this or any other Court any liability therefore, either of Petitioner or of the Vessels and Petitioner's claim and is entitled to have its liability, if any, limited to the amount or value of its interest, as aforesaid, in the Vessel following the events in question in addition to her freight then pending.

16.     Petitioner herein attaches as Exhibit "C" a Security Bond under Rule F and other Supplemental Rules of Certain Admiralty and Maritime Claims in the amount of $9,481,760.00, with interest thereon at 6% per annum, for the payment into the Court's registry, as may be ordered

3853648-1

by the Court, representing the amount or value of Petitioner's interest in the Vessels and her then pending freight following the events in question.

17.     If it later appears that Petitioner is, or may be, liable and the amount or value of Petitioner's interest in the said Vessels and her then pending freight, as aforesaid, are not sufficient to pay all losses in full, then Claimants shall share *pro rata* in the aforesaid sum, saving to Claimants any rights to priority they may have as ordered by this Honorable Court or as provided by the aforesaid statutes, by the Federal Rules of Civil Procedure, including the Supplemental Rules for Certain Admiralty and Maritime Claims and by the rules and practices of this Honorable Court herein.

18.     Petitioner will show that this Complaint and Petition has been filed within six months from the date Petitioner received first notice of any kind of actual or potential Claims from any Claimant for losses or damages which any person, firm, corporation or other entity sustained while the Vessel was on the voyage in question.

19.     This Honorable Court has cognizance of this proceeding and this is the proper Court and District in which to file this Complaint and Petition as provided by Supplemental Rule F for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

20.     All and singular the premises are true and within the Admiralty and Maritime jurisdiction of the United States and of this Honorable Court as an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, Petitioner prays:

(A)     That the Court issue an order confirming that the attached Security Bond under Rule F and other Supplemental Rules of Certain Admiralty and Maritime claims in the amount of

10

3853648-1

$9,481,760.00, with interest thereon at 6% per annum, for the payment into the Court registry as may be directed or ordered by the Court, representing the value of the Petitioner's interest in the Vessels and its then pending freight at the termination of the voyage in question as set forth herein is proper, and that the Court order such increases and decreases in such amount as the Court may from time to time deem proper;

(B)     That the Court make an Order directing the issuance of a Monition to all persons, firms, corporations or other entities who might have any claim arising out of the voyage in question of the Vessel, citing them to file their claims with the Clerk of this Court and to serve a copy of said claims upon the attorneys for Petitioner on or before the time fixed by the Court in the Monition or be forever barred and permanently enjoined from making and filing any such claims, to make due proof of their respective claims before this Court as the Court may later direct, and also to appear and answer the allegations of this Complaint and Petition at or before a certain time to be fixed by the Monition;

(C)     That upon the filing of the attached Security Bond under Rule F and other Supplemental Rules of Certain Admiralty and Maritime claims in the amount of $9,481,760.00, with interest thereon at 6% per annum, an Injunction shall issue restraining the prosecution of all suits, actions and proceedings already begun to recover for damages sustained, arising out of, or resulting from the above-described events and restraining the commencement or prosecution hereafter of any suit, action or legal proceedings of any nature or description whatsoever, except in the present proceedings, against Petitioner, the Vessels *in rem*, its agents or representatives or any other person whatsoever for whom Petitioner may be responsible in respect of any claim or claims arising out of the aforesaid voyage of the Vessels;

11

(D)    That the Court in this proceeding adjudge:

(i)    That Petitioner is not liable to any extent for any loss, injuries or damages of any party in any way arising out of, during, or consequent upon the aforesaid occurrence(s) or voyage of the Vessels and that, therefore, the Vessels and Petitioner are exonerated from any and all liability which has been or may be claimed as a result of the events in question; or,

(ii)    Alternatively, if Petitioner shall be adjudged liable then that such liability be limited to the amount or value of Petitioner's interest in the Vessels, her engines, tackle, gear, and apparel, and her then pending freight for the voyage in which the vessel was engaged at the time of the events in question, and that the money paid or secured to be paid as aforesaid be divided *pro rata* among such claimants as they may duly prove their claims before this Court, saving to all parties any priorities to which they may be legally entitled, and that a decree may be entered discharging Petitioner from all further liability.

(E)    That Petitioner has such other and further relief, both at admiralty and in equity, to which it may show itself to be justly entitled.

**[remainder of this page intentionally left blank]**

3853648-1

DATED this _____ day of _____, 2020.

                                      Respectfully submitted,

                                      **CHAFFE McCALL L.L.P.**

                                      BY:     */s/ Frank A Piccolo*_____
                                              FRANK A. PICCOLO
                                            Texas Bar No. 24031227
                                            Fed. Bar No. 30197
                                            Email: frank.piccolo@chaffe.com
                                            801 Travis Street, Suite 1910
                                            Houston, Texas 77002
                                            Telephone: (713) 546-9800
                                            Facsimile:   (713) 546-9806

                                      **LEAD COUNSEL FOR PETITIONER ORION MARINE CONSTRUCTION, INC.**

**OF COUNSEL:**

3853648-1

John M. Ribarits
Texas Bar No. 00792302
Fed. Bar No. 19319
Email: john.ribarits@chaffe.com
Kenneth H. Tribuch
Texas Bar No. 24042539
Fed. Bar No. 579059
Email: Kenneth.tribuch@chaffe.com
Heather S. von Sternberg
State Bar No. 00797400
SDTX Bar No. 22684
Email: heather.vonsternberg@chaffe.com
801 Travis Street, Suite 1910
Houston, Texas 77002
Telephone: (713) 546-9800
Facsimile: (713) 546-9806

**COUNSEL FOR PETITIONER
ORION MARINE CONSTRUCTION,
INC.**

14