UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| IN RE ORION MARINE CONSTRUCTION, INC. AS OWNER AND/OR OWNER PRO HAC VICE OF THE DREDGE &QUOTWAYMON L BOYD AND SEVERAL VESSELS WORKING IN A FLOTILLA WITH THE WAYMON L BOYD&QUOT, | § § § § § § § § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:21-CV-4 |
| ALL POTENTIAL CLAIMANTS, *et al*, | § § § | |
| Defendants. | § | |

## ORDER BIFURCATING CLAIMS FOR TRIAL

On April 1, 2021, the Court ordered the parties to brief their positions regarding the procedures by which the Court should adjudicate the various claims in this case. Now before the Court are the parties' respective submissions. D.E. 119, 122, 123, 126, 127.[1] All of the parties concede that Petitioner Orion is entitled to a bench trial in this Court on

---

[1] Eleven separate claims have been filed with the Court. The only parties who submitted briefing are:

- **Orion**. Petitioner Orion Marine Construction, Inc. as Owner or as Owner Pro Hac Vice of the Dredge Waymon L. Boyd and Several Vessels in a Flotilla with the Waymon L. Boyd (D.E. 119);

- **Enterprise**. Claimants Enterprise Products Operating LLC, South Texas NGL Pipelines, LLC, and Enterprise Products Partners L.P. (D.E. 122);

- **Cantu, Molina, and Rivas**. Jose Cantu, individually, and on behalf of his minor children; Stephanie Molina, individually, and on behalf of her minor children; and Roxana Cornejo Rivas, individually, on behalf of the Estate of Jose Rodolfo Coca, and as next friend of minor children B.C. and A.C. (D.E. 123);

- **Cavazos**. Karla Cavazos, individually and as personal representative of the Estate of Arturo Cavazos and as next friend of A.C., a minor; Arturo Cavazos; and Bertha Cavazos (D.E. 126); and

- **Rivera**. Maria Isabel Rivera, individually and as personal representative of the Estate of Joel Rivera DeLeon; Cipriano Rivera; Jesus Rivera; Carlos Rivera; Lucero Rivera; Joel Rivera; and Efren Rivera (D.E. 127).

its claims for exoneration from, or limitation of, liability pursuant to Federal Rule of Civil Procedure 9(h), Rule F of the Supplemental Rules for Admiralty and Maritime Claims, and the Limitation of Liability Act, 46 U.S.C. § 30501, et seq. (the Limitation Action).

Docket management of the balance of the claims and issues is in dispute.

- Orion submits that this Court has and should exercise jurisdiction to try all personal injury, wrongful death, property damage, economic loss, and contribution claims against it in a single nonjury trial within the Limitation Action. D.E. 119.

- Enterprise suggests that this Court: (1) conduct the first phase to determine solely the issues pertinent to the Limitation Action, and (2) determine the procedures to apply to the second phase on apportionment of fault and damages only if the second phase is reached. D.E. 122.

- The personal injury and wrongful death claimants ask that the Court adjudicate only the Limitation Action issues, particularly Orion's negligence and "privity and knowledge," and lift the injunction against the prosecution of their individual cases against Orion so that they may be tried in other state or federal courts on all remaining issues. D.E. 123, 126, 127.

For the reasons set out below, the Court will adjudicate the first phase containing the Limitation Action issues, only. If Orion is not exonerated and a second phase on damages is necessary in order to distribute the limitation fund, the Court will then determine how to proceed. Not all claimants have filed briefing to express their

preference in this regard.  On proper motion, the Court will lift the injunction on other proceedings against Orion for liquidation of the claims.  Alternatively, on request from the claimants, this Court may proceed with liquidating individual damage claims with or without a jury.  Pending liquidation of all of the claims, the Court will hold this case in abeyance with respect to the third phase:  distribution of the limitation fund among the claimants.

## DISCUSSION

### A. Standard of Review

A district court may order a separate trial of any issue or claim for convenience, to avoid prejudice, or to expedite and economize.  Fed R. Civ. P. 42(b).  Bifurcation is a matter entrusted to the sound discretion of the court.  *See Conkling v. Turner*, 18 F.3d 1285, 1293 (5th Cir. 1994); *O'Malley v. U.S. Fidelity & Guar. Co.*, 776 F.2d 494, 500 (5th Cir. 1985).  In exercising that discretion, the court must be careful to ensure that the claims or issues can be separated without defeating the fundamental interests of justice. *See McDaniel v. Anheuser-Busch, Inc.*, 987 F.2d 298, 305 (5th Cir. 1993); *Swofford v. B & W, Inc.*, 336 F.2d 406, 415 (5th Cir. 1964).

### B. Phase One:  Liability

As noted, it is undisputed that Orion is entitled to a federal nonjury trial to determine whether it is entitled to exoneration from, or limitation of, liability under the Limitation of Liability Act, 46 U.S.C. § 30501, et seq.; *see also* Fed. R. Civ. P. 9(h); Supp. R. Adm. & Maritime Cl. F.  In reviewing the parties' pleadings, it appears that this

Limitation Action phase includes the following issues, if properly raised by motion and/or evidence:

1. Application of the Limitation Action: whether Orion is the vessel "owner;"
2. Liability:
   a. Whether the vessel was unseaworthy or whether there was negligence in its operation such that it caused the damages complained of;
   b. Whether Orion had knowledge or privity that makes it complicit in the fault for the incident;
   c. Whether Orion is liable to claimants under the law of contribution or indemnity;
   d. Whether any claimant was contributorily negligent;
   e. Whether the flotilla doctrine applies;
3. Limitation Fund: the value of the vessel and pending freight and any asset to be included in the appraisal by which the limitation fund is determined; and
4. Whether the Limitation of Liability Act is unconstitutional.

This is consistent with the Fifth Circuit's holding that "issues 'related to' limitation . . . compels the federal forum only as to issues affecting the shipowner's right to limitation, such as ownership, privity, knowledge, and valuation." *Magnolia Marine Transp. Co., Inc. v. Laplace Towing Corp.*, 964 F.2d 1571, 1578 (5th Cir. 1992).

"Codefendant cross-claims for indemnity and contribution are liabilities that must be addressed in order to protect the shipowner's rights under the Limitation Act." *Odeco Oil & Gas Co., Drilling Div. v. Bonnette*, 74 F.3d 671, 675 (5th Cir. 1996); *see also In re ADM/Growmark River Sys., Inc.*, 234 F.3d 881, 886 (5th Cir. 2000). Yet liquidation of those claims is not required as part of the phase one Limitation Action. *Matter of Suard Barge Servs., Inc.*, CIV. A. 96-3185, 1997 WL 358128, at *3 (E.D. La. June 26, 1997); *In*

*re Miss. Limestone Corp.*, 4:09-CV-00036-SA-DAS, 2010 WL 4174631, at *3 (N.D. Miss. Oct. 7, 2010) (same).

Orion has further argued that this Court has and should exercise jurisdiction to determine issues of comparative responsibility involving Enterprise and Epic Crude Terminal Company, LP (Epic) or its related entities. For this proposition, Orion cites the supplemental jurisdiction provisions of 28 U.S.C. § 1367, 3 Benedict on Admiralty § 18, and liberal rules of joinder. Epic did not file a brief addressing claims administration generally or this argument specifically. Enterprise disputes this contention, but does not submit relevant authorities.

The Court notes that the pleadings in this action do not address the causes of action asserted by claimants against Enterprise or Epic. Indeed, nothing in the Limitation of Liability Act requires pleading such claims against the owner's co-defendants. And Orion has not pled any claim, counterclaim, or cross-claim against Enterprise or Epic, or made a designation of third-party responsibility that would support a determination of comparative responsibility issues against Epic or Enterprise. They have not been joined in this action for that purpose. And it is well-established that the Limitation of Liability Act is designed only to protect owners and to determine claims made against them. *See Magnolia Marine*, 964 F.2d at 1577 (5th Cir. 1992); *Zapata Haynie Corp. v. Arthur*, 926 F.2d 484, 486 (5th Cir. 1991). For those reasons, the Court declines to include comparative responsibility as an issue to be determined in phase one.

Phase one ordinarily proceeds alone, with all other lawsuits against the owner being enjoined. *See* Supp. R. Adm. & Maritime Cl. F(3). There are two scenarios in

which claims against the owner may proceed simultaneously with the Limitation Action. The first is when the limitation fund is sufficient to pay all claims in full, such that there is no risk of additional liability to the owner and the purposes of the Limitation Action thus cannot be defeated. The second is when there is only one claimant, in which case the limitation of liability defense can be enforced without contradiction in the case the claimant originally filed. In all other scenarios, separate actions are enjoined pending the determination of the Limitation Action. *Magnolia Marine*, 964 F.2d at 1575; *Griffith v. Santillan*, 3:19-CV-00053, 2019 WL 2543819, at *2 (S.D. Tex. June 20, 2019) (Edison, Magistrate Judge).

Claimants may obtain relief from the injunction so as to proceed with their claims against the owner in other courts (before the Limitation Action is determined) under a third exception: if all claimants enter into a stipulation that mimics one of the two scenarios described above. In other words, if all claimants stipulate that this Court's determination of the issues of exoneration and limitation of liability, once made, will govern with the power of res judicata, the admiralty court may lift the stay. *Id*. at 1575–76; *Odeco*, 74 F.3d at 674.

There is no representation here that Orion's limitation fund is sufficient to pay all claims in full. There are multiple claimants. And no stipulation has been executed by the claimants to preserve the force of this Court's determination of the Limitation Action. Moreover, the parties concede that the Limitation Action is to proceed in this Court,

sitting in admiralty jurisdiction, without a jury trial.[2]   Therefore, the Court HOLDS that the first phase on exoneration or limitation of liability shall proceed in this Court without a jury while all other actions against Orion remain subject to the Court's injunction.

### C. Bifurcation

The federal court presiding over the Limitation Action has jurisdiction to liquidate damage claims associated with established owner liability and to enter in personam judgments and distribute the res accordingly, whether or not limitation of liability is granted. *Just v. Chambers*, 312 U.S. 383, 386 (1941); *Hartford Acc. & Indem. Co. of Hartford v. S. Pac. Co.*, 273 U.S. 207, 220 (1927); *Pershing Auto Rentals, Inc. v. Gaffney*, 279 F.2d 546, 552 (5th Cir. 1960).  However, there is no requirement that the damages be litigated at the same time as liability is determined or that they be litigated in the forum determining the Limitation Action.  *See Pershing*, 279 F.2d at 552 (acknowledging that state court actions can determine damages so long as the admiralty court's determination of liability is observed).

In fact, many courts have declared bifurcation to be the preferred method of resolving a Limitation Action, regardless of the manner chosen for resolution of the second phase. *See Odfjell Chem. Tankers AS v. Herrera*, 471 F. Supp. 3d 790, 795 (S.D. Tex. 2020); *In re Miss. Limestone Corp.*, 2010 WL 4174631 at *3; *Matter of Complaint of Bergeron Marine Serv., Inc.*, CIV. A. 93-1845, 1994 WL 236374, at *1 (E.D. La. May

---

[2]  *See* Fed. R. Civ. P. 38(e) (the rules do not provide for a jury trial in admiralty cases); *Fitzgerald v. U. S. Lines Co.*, 374 U.S. 16, 20 (1963) (nothing in the constitution or rules guarantees or forbids a jury trial in admiralty cases); *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S 438, 448 (2001) (limitations actions are decided by the federal court without a jury).

24, 1994). "Resolving the limitation issues first will enable the Court to decide the core issues driving the litigation expeditiously, and may eliminate the need for a trial of some or all damages issues as a result of settlements or rulings on the merits." *Archer Daniels Midland Co. v. M/T AMERICAN LIBERTY*, CV 19-10525, 2020 WL 1889123, at *3 (E.D. La. Apr. 16, 2020). "Bifurcation will also help to avoid prejudice by preserving the claimants' ability to seek a jury trial on damages if limitation is denied." *Id*. Thus, the first phase may properly proceed in a bifurcated manner.

Orion suggests that doing so is an uneconomical use of judicial resources. However, as noted above, courts have found that the opposite is true. *E.g., Archer Daniels Midland Co.*, 2020 WL 1889123, at *3. "The issues related to liability will overlap across the limitation proceeding. However, the issue of damages will involve separate questions and will require distinct evidence by each Claimant." *Matter of M/V UNCLE ROBERT*, CV 18-10526, 2020 WL 3576839, at *2 (E.D. La. July 1, 2020); *see also Bergeron Marine Serv., Inc.*, 1994 WL 236374, at *1.

The Court therefore HOLDS that bifurcation is appropriate and the first phase will proceed as to the exoneration or limitation issues, only. The damages phase will proceed separately, after the limitations phase.

### D. Phase Two: Damages

In the event that Orion is not exonerated from all liability, the Court must determine how to distribute the limitation fund—whether as the sole remedy against Orion or as a fund readily available for partial satisfaction of claims against Orion. Key to this concursus is the liquidation of the individual damage claims. This is where the

Court must address the conflict between the Limitation of Liability Act (a federal matter) and the savings-to-suitors clause (a reservation of state jurisdiction) set out in the statutory provision of admiralty jurisdiction. 28 U.S.C. § 1333(1).

Whether describing this issue as a tension between the statutes or as a recurrent and inherent conflict, many courts have been called upon to determine whether limitation claimants should be allowed to liquidate their damage claims in their state court actions or should be ordered to proceed only in federal court.[3] The bottom line reached by the apparent majority of cases is that proceeding with the damages phase in state court actions is reasonable so long as the admiralty court's determination of the exoneration or limitations issues is handled first and is accorded res judicata effect. This result serves the primary interest of shipowners having a federal nonjury determination of liability and limitation of remedies while preserving the common law rights accorded to claimants by state law and the saving-to-suitors clause.

Orion's arguments to the contrary—touched on above—are unpersuasive. While this Court has jurisdiction to adjudicate the claims, it is not required to exercise it. *See generally*, *In re Santa Fe Cruz, Inc.*, 535 F. Supp. 2d at 858. And while the claimants requested a jury trial in only two of the state cases, the savings-to-suitors clause is not limited to plaintiffs seeking a state jury trial. *Bergeron Marine Serv., Inc.*, 1994 WL 236374, at *1 (recognizing that state jurisdiction is preferred, whether the trial be to the

---

[3] *See e.g.*, *Archer Daniels Midland Co.*, 2020 WL 1889123, at *3; *Herrera*, 471 F. Supp. 3d at 795; *In re Double C. Marine LLC*, 6:14-CV-02273, 2019 WL 1495754, at *3 (W.D. La. Apr. 3, 2019); *Mississippi Limestone*, 2010 WL 4174631, at *3; *In re Santa Fe Cruz, Inc.*, 535 F. Supp. 2d 853, 858 (S.D. Tex. 2007); *In re Athena Const., LLC*, CIV A 06-2004, 2007 WL 1668753, at *3 (W.D. La. June 6, 2007); *Bergeron Marine Serv., Inc.*, 1994 WL 236374, at *1.

state court judge or jury). Also, a jury demand under Texas Rule of Civil Procedure 216 may still be made. Rule 216 allows a jury request to be made at "a reasonable time before the date set for trial of the cause on the non-jury docket, but not less than thirty days in advance".

Additionally, the state court lawsuits are not directed solely against Orion. There are additional defendants who are not protected by the Limitation of Liability Act. According to the Fifth Circuit, this makes the state courts the preferable venue for efficient resolution of the remaining issues. *Magnolia Marine*, 964 F.2d at 1575. An exception to this efficiency observation was expressed in *Complaint of Louisiana Bunkers Inc.*, CIV.A. 87-3619, 1988 WL 44482, at *2 (E.D. La. May 3, 1988). However, that case involved $292,825,000 in claims, contrasted with a limitation fund of $5,000. While the claimants here take the position that the total value of their claims greatly exceeds the limitation fund, that fund is over $9,000,000 and claimants seek to recover from additional alleged tortfeasors with other assets subject to execution. Consequently, adjudication of the claims together in the admiralty court has less appeal as a measure to prevent outsized litigation costs. That is particularly true here, where the state court cases have been joined in a multidistrict litigation court for pretrial administration.

The Court HOLDS that, after determination of the Limitation Action issues, any remaining issues required to liquidate the claimants' competing claims should be decided in the state court proceedings or other federal court proceedings if that is the claimants' preference. The Court will lift the injunction against the litigation of those other court cases against Orion for that purpose at that time. Any claimant who prefers to litigate the

damage claims in this Court may seek to do so in later proceedings. *See, e.g., In re Athena Const., LLC*, 2007 WL 1668753, at *5 (observing that, once limitation is decided, claimants are generally permitted to proceed in the forum of their choice).

## CONCLUSION

For the reasons set out above, the Court ORDERS that the phase one issues related to the Limitation of Liability Act are BIFURCATED from the phase two liquidation of the damages claims. The Court will entertain motions to lift the injunction against other court actions for the phase two issues after phase one has been completed.

ORDERED this 2nd day of July, 2021.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE