United States District Court
Southern District of Texas
**ENTERED**
October 07, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| IN RE ORION MARINE § | |
| CONSTRUCTION, INC. AS OWNER § | |
| AND/OR OWNER PRO HAC VICE OF § | CIVIL ACTION NO. 2:21-CV-4 |
| THE DREDGE "WAYMON L BOYD § | |
| AND SEVERAL VESSELS WORKING § | |
| IN A FLOTILLA WITH THE WAYMON § | |
| L BOYD" | |

## ORDER

Before the Court is Petitioner's Motion for Leave to File Amended Answer and Counterclaim (D.E. 134), the Enterprise Claimants' response and embedded motion to abate (D.E. 135), and Petitioner's reply (D.E. 136). Petitioner seeks to file a counterclaim against the Enterprise Claimants for negligence causing its own damages and to assert claims pursuant to maritime contribution, indemnity and apportionment. Petitioner asserts that these counterclaims are compulsory counterclaims and are within the Court's supplemental jurisdiction. The deadline to file amended pleadings had not yet passed when the motion was filed and the substance of the counterclaims do not constitute a surprise, given the extent of this and other related litigation regarding the incident giving rise to this action.

In response, the Enterprise Claimants assert that any counterclaim is premature under this Court's Order (D.E. 131) bifurcating the trial of issues and restricting the phase one issues to those directly relevant to Petitioner's entitlement to the benefits of the maritime limitation of liability statute. Issues of comparative liability were not included in phase one. D.E. 131, p. 5. However, the Enterprise Claimants do not address

Petitioner's need to comply with the pleading deadline or suggest that the counterclaim is jurisdictionally improper. The Court's bifurcation order does not purport to alter or stay pleading deadlines, but only determines what issues will be adjudicated first.

After due consideration, the Court GRANTS Petitioner's motion (D.E. 134) and ORDERS the Clerk of Court to file Petitioner's pleading (D.E. 134-1, pp. 2-16) as an independent document on the docket of this case. The Court DENIES the Enterprise Claimants' motion to abate, embedded in their response, as premature. Nothing in this Order is to be construed as conflicting with the Court's Order Bifurcating Claims for Trial (D.E. 131). In the event that a specific issue arises relative to the bifurcation order, the parties may bring it to the Court when it becomes concrete.

ORDERED this 7th day of October, 2021.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE